UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REUBEN RANKE, #42497-039,

    Plaintiff,

v.

WILLIAM FEDERSPIEL, *et al.*,

    Defendants.

_____/

Case No. 23-11300

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S FEBRUARY 26, 2024 REPORT AND RECOMMENDATION [22]**

Plaintiff Reuben Ranke brings this pro se prisoner civil rights lawsuit against a number of Saginaw County officials and Saginaw County Judge Darnell Jackson alleging he was deprived of Kosher meals while incarcerated at the Saginaw County Jail in violation of his constitutional rights. The Court has referred all pre-trial matters to Magistrate Judge Anthony P. Patti. (ECF No. 14.) Before the Court is the Magistrate Judge's report and recommendation to dismiss Plaintiff's claims against Judge Jackson on the basis of judicial immunity. (ECF No. 22.) Plaintiff has filed three objections to this report (ECF No. 33), and Defendants have responded to those objections (ECF No. 35). For the reasons below, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.

**I.    Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also*

1

28 U.S.C. § 636(b)(1). The "district court is not required to articulate all of the reasons it rejects a party's objections." *See Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citation omitted).

## II.     Analysis

Defendant Judge Jackson's involvement in the underlying facts of this case is his review and approval of the inmate guide that sets forth the jail's policies and procedures. The Magistrate Judge found that because these acts are judicial in nature, any claims against Judge Jackson are barred by judicial immunity.

Plaintiff first argues that the Magistrate Judge erred by subjecting him to the screening requirements that apply to litigants proceeding in forma pauperis because his filing fees were not waived; he was only relieved of having to *prepay* those fees. But there was no error. The statute explicitly states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915(b)(1). And when a plaintiff establishes indigence, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the district court is obligated to dismiss a civil complaint if it "seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B)(iii). And even if Plaintiff were not proceeding in forma pauperis, complaints filed by prisoners against a governmental official or entity are subject to the screening procedure set forth in § 1915A, which also requires the dismissal of any complaint that "seeks monetary relief from a defendant who is immune from such relief," § 1915A(b)(2). Thus, Plaintiff's first objection is overruled.

2

Plaintiff's second and third objections relate to his argument that Judge Jackson's actions were administrative, not judicial, in nature. Plaintiff points to Judge Jackson's denials that he "approved" the contents of the inmate guide or "had the authority to write policies and procedures" in that guide as evidence that he was not acting within his judicial authority. But these denials do not alter the fact that it was precisely because he is a judge that he endorsed the guide. *See* Mich. Comp. Laws § 51.281. And while acting within the scope of a state statute does not automatically render him immune, the underlying rules regulate matters such as court appearances and the statute allows a reduction of sentence for good behavior stemming from compliance with the rules. This lends further support to the conclusion that Judge Jackson's endorsement of the inmate guide was judicial in nature, and he is therefore entitled to judicial immunity. Plaintiff's second and third objections are also overruled.

### III.   Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. Accordingly, Judge Jackson is DISMISSED from this action.

SO ORDERED.

s/Nancy G. Edmunds<br>Nancy G. Edmunds<br>United States District Judge

Dated: April 23, 2024

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on April 23, 2024.

**Reuben Ranke** 42497-039
FCI-Elkton
P O Box 10
Lisbon, OH 44432

s/Johnetta M. Curry-Williams
Case Manager