UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REUBEN RANKE,

      Plaintiff,

v.

WILLIAM FEDERSPIEL, et al.,

      Defendants.

Case No. 2:23-cv-11300
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

_____/

## ORDER GRANTING IN PART AND DENYING AS MOOT IN PART PLAINTIFF'S MARCH 5, 2024 MOTION TO COMPEL (ECF No. 26) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MARCH 21, 2024 MOTION TO COMPEL (ECF No. 28)

    This matter arises from Plaintiff Reuben Ranke's requests for dietary accommodations during the time he was incarcerated in the Saginaw County Jail from August 24, 2020 to April 22, 2021. (ECF No.1, PageID.6.)  Plaintiff claims that Defendants: wrongly removed Plaintiff from receiving kosher meals during this period; failed to reinstate Plaintiff's kosher meals; retaliated; refused to provide Plaintiff with the same religious opportunities as provided to Christian and Muslim inmates; failed to provide an adequate policy regarding religious meals; and interfered with Plaintiff's access to the Court. (Id., PageID.6-18.)

    The case has been referred to me for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A)&(B).  (ECF No. 14, PageID.44.)

I.      **Motion to Compel**

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3). "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

A.      **Plaintiff's March 5, 2024 Motion to Compel (ECF No. 26)**

Plaintiff first seeks to compel Defendant Kerns to provide an answer to a single interrogatory, in which Plaintiff sought identification of Defendant No. 4, listed as "Andy Doe." Plaintiff specifically requested "the name of the Chaplain who was known as 'Chaplain Andy' at the Saginaw County Jail during the time period of August 2020 to April 2022." (ECF No. 26, PageID.127-128.) On February 19, 2024, Defendants' attorney objected, stating that this interrogatory was not relevant or proportional to the needs of the case. (*Id.*, PageID.130-131.) However, the Court disagrees. Chaplain "Andy Doe" is a named defendant in this action, and the Court struggles to see how his full name is either irrelevant or not proportional to the needs of the case. After Defendant Kerns failed to provide the full name, Plaintiff filed this motion to compel. Subsequently, and notwithstanding the objection, counsel then disclosed in Defendants' Supplemental Answer to Plaintiff's First Set of Interrogatories that the name of the Chaplain

2

known as "Chaplain Andy" at the Saginaw County Jail is Andy Cox. (ECF No. 27-1, PageID.138.)

According to Fed. R. Civ. P. Rule 33(b)(2), Defendants are required to either answer Plaintiff's interrogatories or object to them within 30 days of service. Plaintiff served Defendant Kerns with Plaintiff's First Set of Interrogatories on December 26, 2023. Defendant Kerns (in fact, all the Defendants) did not respond until February 19, 2024, three weeks past the deadline, and at that point only objected, without providing a response. In addition, Plaintiff correctly points out that Defendant Kerns failed to sign the interrogatory under oath, as required by Fed. R. Civ. P. Rule 33(b)(3). Instead, Defendant Kerns' attorney signed the response.

Defendants argue that Plaintiff's motion is moot because "Defendants have already provided the information Plaintiff seeks." (ECF No. 27, PageID.135.) The Court agrees—to an extent. The motion is moot in that Defendant Kerns has now, following the motion to compel, provided the answer that Plaintiff sought in his interrogatory. However, Plaintiff is correct that it took the instant motion being filed to produce that answer. Plaintiff is also correct that Defendant Kerns has not signed the response under oath, as is required by the Federal Rules.

In his motion to compel, Plaintiff asks the Court to compel the response to the interrogatory, and also for the expenses and costs incurred in bringing the

3

motion. Plaintiff seeks "an amount no less than $25.00," to include his costs of "postage[,] envelopes, typing paper, and copy fees." (ECF No. 26, PageID.124) The Federal Rules state:

> If the motion is granted—*or if the disclosure or requested discovery is provided after the motion was filed*—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(emphases added). Here, the requested discovery was provided after the motion was filed, and the Court does not find Defendant's objection to be substantially justified. Moreover, Plaintiff's requested costs are reasonable and could have been avoided had Defendant Kerns timely and correctly responded to Plaintiff's interrogatory. The Chaplain's name is relevant as he is listed in the complaint, and Defendant Kerns did not answer the interrogatory until Plaintiff was forced to file a motion to compel. Plaintiff's request for discovery of information needed to properly name a "Doe" party was entirely appropriate, without which Defendants would undoubtedly have encouraged dismissal of the pseudonym defendant. Thus, the Court will award costs in the requested amount.

4

Because the costs were necessitated by Kerns's attorney's unreasonable objection, delay in providing the response, and failure to comply with the requirement that answers be provided under oath, the Court will order the costs to be paid by counsel to Plaintiff in the amount of $25.00.

Finally, although Federal Rule of Civil Procedure 33(b) does require signatures by the party responding to the interrogatory, the Court will not compel another response to be signed by Defendant Kerns.  Given the nature of this interrogatory (asking simply for the correct name of a "Doe" defendant), and given that the response was signed by an attorney consistent with his obligations under Federal Rule of Civil Procedure 11, the Court is satisfied.  However, <u>all future discovery responses must adhere to the requirements of the Federal Rules.</u>

Accordingly, Plaintiff's motion to compel (ECF No. 26) is **GRANTED IN PART AND DENIED AS MOOT IN PART.**  It is **GRANTED** with respect to the request for costs, and **DENIED AS MOOT** with respect to any need to compel an additional response.  Defendant Kerns's attorney is **DIRECTED** to pay costs in the amount of $25.00, in accordance with Rule 37(a)(5) within the next 14 days.

**B.  Plaintiff's March 21, 2024 Motion to Compel (ECF No. 28)**

Under Rule 36(a)(1) of the Federal Rules of Civil Procedure, a party may request the admission of the truth of any matters relating to "'facts, the application of law to fact, or opinions about either[,]'" as well as the genuineness of any

described documents. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting Fed. R. Civ. P. 36(a)(1)(A)). On the other hand, "'Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule. Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36.'" *Id*. (quoting 7 *Moore's Federal Practice* § 36.10[8] at 36–26 (3d ed.2008)). Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." *Id*. Importantly, "[r]equests for admissions are not a general discovery device." *Misco v. U.S. Steel Corp*., 784 F2d. 198, 205 (6th Cir. 1986) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2253, at 706 & n. 23 (1970)). *See also O'Neill v. Medad*, 166 F.R.D. 19, 21 (E.D. Mich. 1996) (requests for admissions are "not a discovery device at all"), *Workman v. Chinchinian*, 807 F. Supp. 634, 648 (E.D. Wash. 1992) (requests to admit should not be used as a discovery tool, but only to eliminate issues at trial). A matter is deemed admitted unless, within 30 days after being served, the requested party serves "a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). The response must specifically deny the matter or set forth in detail why the answering party cannot truthfully admit or deny it. If a party objects, it must state the grounds for the objection. A party must not object solely on the ground that the request presents a genuine issue for trial. Fed. R. Civ.

6

P. 36(a)(4)(5).  According to Rule 36(a), if a party neither admits nor denies a request, the matter is deemed admitted.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the need of the case …" Fed. R. Civ. P. 26(b)(1).

1. **First Requests to Admit to Defendant Kerns: Request Nos. 1, 14, and 16 and Second Requests to Admit Request Nos. 1, 2, 3, 4, 19, 22, and 24**

Defendant Kerns objected to this first subset of requests, yet answered notwithstanding the objections.  Plaintiff does not challenge the answers submitted by the Defendant, and no further court involvement is necessary.  Accordingly, Plaintiff's motion will be **DENIED AS MOOT** to these stated requests.

2. **First Requests to Admit to Defendant Kerns: Request Nos. 6, 7, 8, 9, 10, 11, 12, and 17 and Second Requests to Admit, Request Nos. 9 and 12**

With respect to the next subset of requests, Defendants contend that Defendant Kerns can neither admit nor deny the requests.  Specifically: With respect to the Plaintiff's First Requests to Admit, Defendants assert that:

- Request Nos. 6-9 are not only based on a false premise and assume facts which are not in evidence, but are drafted in such a way that Defendant is unable to truthfully admit or deny the requests. (ECF No. 28, PageID.149-151.)
- Request No. 10 lacks content, context, definition and meaning such that Defendant is unable to truthfully admit or deny the request. (*Id.*, PageID.151.)

7

- Request No. 11 seeks a legal conclusion based on an incomplete hypothetical, such that Defendant is unable to truthfully admit or deny the request. (*Id.*, PageID.151.)
- Request No. 12 is not only based on a false premise and assumes facts not in evidence, but the language of the request is counter intuitive and/or unintelligible, such that Defendant is unable to truthfully admit or deny the request. (*Id.*, PageID.152.)
- Request No. 18 lacks content and context, such that Defendant cannot truthfully admit or deny the request pursuant to Fed. R. Civ. P. 36. (*Id.*, PageID.154.)

With respect to the Plaintiff's Second Requests to Admit, Defendants assert that:

- Request No. 9 is not only based on a false premise and assumes facts not in evidence, but lacks foundation, content, and context, such that Defendant is unable to truthfully admit or deny the request. (*Id.*, PageID.179.)

(ECF No. 32, PageID.271-272.)

The Court agrees with the Defendants that these requests for admission are based on legal conclusions, lack clarity, are vague and/or lacking foundation. Requests for admission should be simple, direct, and limited to singular relevant facts. They should not be used to discover facts, but should be directed to those facts in issue that are not substantially controverted. *United States v. New Wrinkle, Inc., et al.*, 16 F.R.D. 35, 36 (S.D. Ohio 1954). Requests that seek pure opinions of law or legal conclusions are generally not appropriate under Rule 36. *Petroff-Kline*, 557 F.3d at 293. Therefore, Plaintiff's motion will be **DENIED** as to these particular requests.

8

### 3. Second Requests to Admit to Defendant Kerns: Request Nos. 25, 26, 27, 31, 32, 33, 34, 35 and 36

Defendant Kerns objected to the last subset of requests contending that the information is not discoverable under Rule 26(b) because it is not relevant to any claim or defense in this case. The Court agrees with the Defendants regarding Request Nos. 25, 26, and 27, finding that Plaintiff's requests lack relevance to the claims and defenses, are disproportionate or are too vague. Fed. R. Civ. P. 26(b)(1).

However, Plaintiff's Requests Nos. 31, 32, 33, 34, 35, and 36 are relevant to his claims based on his Fourteenth Amendment disparate treatment claim. Plaintiff alleges that he requested a DVD of Jewish religious services to participate in the Jewish Sabbath. His request was denied. (ECF No. 1, PageID.17.) Plaintiff further alleges that he observed that Christian and Muslim inmates were provided with Bibles, Qurans, and other religious materials. (*Id.*) Plaintiff alleges that he requested a Jewish Bible but was denied. (ECF No. 1, PageID.17.) To establish a Fourteenth Amendment disparate treatment claim, the plaintiff "'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" *Veney v. Wyche*, 293 F.3d 726, 730 (6th Cir. 2002) (quoting *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir.2001)). Plaintiff's allegations that he was denied Jewish religious materials in contrast to other

9

prisoners of different religions are central to his Fourteenth Amendment disparate treatment claim.

Defendants objected to Requests Nos. 31, 32, 33, 34, 35, and 36 solely on the bases of relevance and proportionality. Those objections are **OVERRULED**. The requests are narrowly targeted and relevant to Plaintiff's claims. Defendant will be ordered to answer these requests within fourteen days.

## II. Conclusion

For the reasons explained above, Plaintiff's March 5, 2024 Motion to Compel (ECF No. 26) is **GRANTED IN PART and DENIED IN PART**. Counsel for Defendant Kerns is **DIRECTED** to pay Plaintiff costs in the amount of **$25** within fourteen days of the date of this order.

Plaintiff's March 21, 2024 Motion to Compel (ECF No. 28) is **GRANTED IN PART and DENIED IN PART**. Defendants are **ORDERED** to respond to Plaintiff's Second Requests to Admit, Request Nos. 31, 32, 33, 34, 35, and 36, within **fourteen days of the date of this order**. It is **DENIED** in all other respects. Because neither party was wholly successful in this outcome of this motion, the Court will not award costs and expenses. *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

10

Dated:  August 7, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).