UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REUBEN RANKE,

    Plaintiff,

v.

WILLIAM FEDERSPIEL, *et al.*,

    Defendants.

_____/

Case No. 23-11300

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S OCTOBER 9, 2024 REPORT AND RECOMMENDATION [50]**

Plaintiff Reuben Ranke brings this pro se prisoner civil rights lawsuit against a number of Saginaw County officials: Sherriff William Federspiel, Jail Administrator David Kerns, and Jail Chaplain Andy "Doe" ("Defendants").[1] Plaintiff alleges that while he was incarcerated in the Saginaw County Jail, he was improperly denied religious materials and services as well as kosher meals and that his right of access to the courts was interfered with. The Court has referred all pre-trial matters to Magistrate Judge Anthony P. Patti. (ECF No. 14.) Before the Court is the Magistrate Judge's report and recommendation to grant Defendants' motion to dismiss due to Plaintiff's failure to exhaust the grievance procedure. (ECF No. 50.) Plaintiff has filed three objections to this report (ECF No. 52), and Defendants have responded to those objections (ECF No. 53). For the reasons below, the Court OVERRULES IN PART AND SUSTAINS IN

---

[1] Plaintiff also originally named Saginaw County Judge Darnell Jackson as a defendant in this case, but Judge Jackson has since been dismissed on the basis of judicial immunity. (*See* ECF No. 36.)

1

PART Plaintiff's objections and ACCEPTS AND ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's report and recommendation.

I.     **Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1). The "district court is not required to articulate all of the reasons it rejects a party's objections." *See Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citation omitted).

II.    **Analysis**

Plaintiff's first objection relates to the Magistrate Judge's consideration of the issue of exhaustion under Federal Rule of Civil Procedure 56, instead of Rule 12. Plaintiff states that the conversion took him by surprise. But as the Magistrate Judge noted, the scheduling order issued in this case set one deadline for "Motions under Rule 12, for failure to exhaust, or for qualified immunity" and another for "Rule 56 Motions *other than for failure to exhaust*." (ECF No. 18, PageID.51 (emphasis added).) Thus, Plaintiff was on notice of this possibility. Plaintiff's first objection is overruled.

Plaintiff next objects to the conclusion that he did not fully exhaust the grievance process. In doing so, Plaintiff makes several arguments for this first time here. While a party is generally not allowed to raise new arguments that were not presented to the magistrate judge at the district court stage, because the issue of exhaustion is a

2

threshold issue raised by Defendants and could be dispositive of this case, the Court will address Plaintiff's arguments on the merits.

As a preliminary matter, the Court notes that even though Plaintiff filed multiple grievances that were investigated by Defendant Kerns, as the Magistrate Judge stated, those grievances only addressed the lack of kosher meals and did not include any of his remaining allegations. (*See* ECF No. 21-11610, ECF No. 28-2, PageID.234-40.) Thus, Plaintiff's grievances can only save some of his claims.

Plaintiff notes that while Defendants argue that his grievances were not in compliance with the relevant policy, which required the prisoner to include in the complaint "the original Officer contacted in regard to the grievance, date, time, and why the problem was not or could not be resolved," (ECF No. 50, PageID.533), the Sixth Circuit has found such arguments waived when the grievance is investigated on the merits, *see Mattox v. Edelman*, 851 F.3d 583, 591 (6th Cir. 2017) (noting that "prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits"). Here, it is undisputed that Plaintiff's grievances were investigated on the merits. Thus, the Court does not find a lack of exhaustion due to any procedural deficiencies in the grievances.

Plaintiff takes issue with the Magistrate Judge's statement that he did not appeal any of the grievances to Step 2. A review of the relevant two-step policy indicates that an investigation of a grievance by the jail administrator is part of Step 2, not Step 1.[2] (*See* ECF No. 50, PageID.533.) Because there is, at the least, a genuine question as to whether Plaintiff participated in Step 2, the Court declines to rely on this issue.

---

[2] The Saginaw County Jail policy differs from the MDOC grievance policy, which includes three steps, not just two.

Plaintiff also objects to the Magistrate Judge's finding that he had abandoned the grievance process. Plaintiff notes that "[u]nder certain circumstances, 'the exhaustion requirement is satisfied where prison officials fail to timely respond to an inmate's written grievance.'" *See Davis v. Caruso*, No. 07-CV-11740, 2009 U.S. Dist. LEXIS 27633, at *34 (E.D. Mich. Mar. 30, 2009) (quoting *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004)). Here, the grievance policy required a written response at the final and second step, but there is no evidence Plaintiff received such a response. Instead, Defendant Kerns indicates in his affidavit that during his investigation, it became apparent that Plaintiff was in violation of the kosher policy and that Plaintiff ultimately agreed with the termination of his kosher meals as a fair discipline and to not pursue the matter any further. (*See* Case No. 21-11610, ECF No. 28-2, PageID.206-08.) But Plaintiff has refuted these statements in a sworn declaration.[3] (*See id.* at ECF No. 40, PageID.458.) Thus, there is a genuine question of fact as to whether prison officials failed to timely respond to Plaintiff's grievances.

In sum, Plaintiff's second objection is overruled in part and sustained in part. Plaintiff may have satisfied the exhaustion requirement with regard to his claims alleging the deprivation of kosher meals and thus dismissal of those claims on the basis of exhaustion is not appropriate at this stage. Plaintiff's remaining claims were not included in any grievance and are therefore dismissed due to a lack of exhaustion.[4]

---

[3] Like Defendant Kerns' affidavit, this declaration was filed in an earlier companion case.

[4] The Magistrate Judge notes in a footnote that even if Plaintiff's access to the courts claim was properly exhausted, it would still be subject to dismissal because there are insufficient allegations tying Defendants to the purported violation. No party has objected to this finding. The Court agrees that this is an additional reason to dismiss this claim.

Finally, Plaintiff suggests that the burden of proof regarding exhaustion was improperly placed on him. In light of the Court's analysis above, this objection is moot.[5] Plaintiff's third objection is overruled.

## III. Conclusion

For the foregoing reasons, the Court OVERRULES IN PART AND SUSTAINS IN PART Plaintiff's objections and ACCEPTS AND ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's report and recommendation (ECF No. 50). Accordingly, Defendants' motion to dismiss (ECF No. 30) is GRANTED IN PART AND DENIED IN PART. More specifically, the motion is granted as to the claims that were unexhausted and denied as to the claims that may have been exhausted. Because Defendants had raised additional arguments in their motion that the Magistrate Judge did not reach in his report and recommendation, the denial is without prejudice to Defendants' ability to refile a motion to dismiss raising any remaining arguments regarding the surviving claims only.

SO ORDERED.

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: December 18, 2024

---

[5] Plaintiff takes issue with the Magistrate Judge's consideration of the affidavit and grievances filed by Defendants in an earlier companion case. But the Court has now similarly considered a declaration he filed in that case.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 18, 2024, by electronic and/or ordinary mail.

                                        s/Marlena Williams
                                        Case Manager