**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

REUBEN RANKE,

      Plaintiff,

v.

WILLIAM FEDERSPIEL, et al.,

      Defendants.

Case No. 2:23-cv-11300
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

_____/

**ORDER FOLLOWING MARCH 20, 2026 HEARING**

**(1) DENYING REQUEST TO EXTEND DISCOVERY; (2) SETTING DISPOSITIVE MOTION DEADLINE FOR AUGUST 28, 2026; (3) DENYING AS MOOT DEFENDANTS' MOTION TO DEEM REQUESTS TO ADMIT ADMITTED (ECF NO. 73); (4) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST REQUEST TO PRODUCE (ECF NO. 72); (5) DENYING AS UNTIMELY PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND FOR SANCTIONS (ECF NO. 75);  AND, (6) DENYING AS UNTIMELY PLAINTIFF'S MARCH 2, 2026 MOTION REQUESTING THAT THE COURT ORDER THE U.S. MARSHAL SERVICE TO SERVE A SUBPOENA ON TIGG'S CANTEEN SERVICE (ECF NO. 85)**

**I. INTRODUCTION**

Plaintiff Reuben Ranke, a state prisoner, initiated this action on May 31, 2023, against various Saginaw County employees, officials and/or agents, including: Sherriff William Federspiel, Jail Administrator David Kerns, Circuit Court Chief Judge Darnell Jackson, and Jail Chaplain Andy "Doe."  (ECF No. 1.)

Plaintiff brings religious discrimination and related retaliation and policy claims in connection with allegedly being deprived of kosher meals at the Saginaw County Jail ("SCJ") while he was a pretrial detainee. (ECF No. 1.)

The case has been referred to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 14, 60.) Earlier in this case, I issued a report and recommendation, recommending that the Court dismiss the judicial defendant, Darnell Jackson, on the basis of immunity. (ECF No. 22.) Plaintiff objected (ECF No. 33), but the Court overruled the objections and adopted my report and recommendation (ECF No. 36).

On March 22, 2024, Defendants filed a motion to dismiss, making various arguments why Plaintiff's complaint should be dismissed. (ECF No. 30.) On October 9, 2025, I issued a report and recommendation to grant the motion and dismiss the complaint for failure to exhaust. (ECF No. 50.) Plaintiff filed objections, which the Court overruled in part and sustained in part, adopting in part and granting in part my recommendation. (ECF No. 54.) Specifically, the Court found there to be a genuine issue of fact as to whether jail officials failed to timely respond to Plaintiff's grievances, and thus Plaintiff "may have satisfied the exhaustion requirement with regard to his claims alleging the deprivation of kosher

2

meals." (ECF No. 54, PageID.592.) The Court agreed that any remaining claims (any not involving the deprivation of kosher meals) were not exhausted and therefore adopted my recommendation to dismiss those claims. (ECF No. 54, PageID.592.) Having found an issue of fact with regard to exhaustion on Plaintiff's kosher meals claims, the Court also allowed Defendants an opportunity to file another motion to dismiss to attack the merits of those claims. (ECF No. 54, PageID.593.)

Plaintiff filed a motion for reconsideration of the Court's order, which was denied on January 16, 2025. (ECF Nos. 55, 56.) Defendants then filed a renewed motion to dismiss. (ECF No. 57.) I issued a report and recommendation recommending that the Court grant the motion with respect to any claims against Defendant Chaplain Andy Doe and any claims made under RLUIPA. (ECF No. 61.) The Court adopted my recommendation on September 3, 2025. (ECF No. 62.)

I issued a Text-Only Order which set a discovery deadline of January 26, 2026, and a dispositive motion deadline of February 27, 2026. (10/28/2025 Text-Only Order.) The case proceeded to discovery. Between January 9, 2026 and

March 2, 2026, the parties collectively filed seven motions regarding discovery, which the Court set for hearing.[1]  (ECF No. 88.)

The Court conducted a hearing via Zoom on four of the motions (ECF Nos. 73, 72, 75, 85) on March 20, 2026 and issued rulings, which are now memorialized in this order.  The Court issued rulings on ECF Nos. 68 and 69 the day before the hearing, and decided to take ECF No. 67 under advisement, without oral argument.

## II.  BACKGROUND

Plaintiff Reuben Ranke was incarcerated in SCJ from August 24, 2020 to April 22, 2021. (ECF No. 1, PageID.6.)  Plaintiff is currently in the Federal Bureau of Prisons. (*Id.*, PageID.2.) Plaintiff claims that while he was incarcerated in SCJ, he was improperly denied religious materials/services and kosher meals. (ECF No. 1, PageID.8-18.)

Plaintiff alleges in his complaint that shortly after his arrival at the Jail, he requested and began receiving kosher meals. (ECF No. 1, PageID.8.)  Plaintiff asserts that he "experienced many problems with the kosher meals he was served including: improperly served food; being served non-kosher food; and frequently

---

[1] Defendants also timely filed a motion for summary judgment before expiration of the dispositive motion deadline.  (ECF No. 83.)  Recognizing that the discovery motions may impact the merits of Defendants' summary judgment motion, the Court suspended the dispositive motion deadline without date and allowed Defendants an opportunity to withdraw their motion without prejudice, which they did on March 6, 2026.  (ECF No. 86; *see also* 02/27/2026 Text-Only Order & 03/01/2026 Text-Only Order.)

missing food items." (ECF No. 1, PageID.8.)  He states that "[t]here were several mornings when [he] did not receive the required protein on his breakfast tray, either hard boiled eggs or peanut butter, including one period of 5 consecutive days." (*Id.*)  According to Plaintiff, he filed several grievances regarding the "ongoing problems he was having with the kosher meals he was receiving." (*Id.*) Plaintiff states that he "was never advised or notified, verbally or in writing[,] what the relevant policies, procedures, rules, or regulations were regarding kosher meals." (ECF No. 1, PageID.8.)  Plaintiff contends that "[d]espite filing many [g]rievances regarding missing food items, Plaintiff never had those missing items replaced which deprived [him] of adequate nutrition." (ECF No. 1, PageID.9.)

The complaint alleges that when "Defendant Kerns could not confirm that the cooked vegetables being served to Plaintiff were kosher, raw carrots were substituted in a sealed pre-packed bag," and that the carrots turned rancid and were past the expiration date. (*Id.*)  Plaintiff complained again, and his vegetable was switched to iceberg lettuce which "has very little nutritional value." (*Id.*)

Plaintiff alleges that on December 17, 2020, Defendant Kerns called him into a meeting and informed Plaintiff that he discovered that Plaintiff was violating the rules regarding religious meals. (ECF No. 1, PageID.9.)  Plaintiff contends that, prior to December 17, 2020, he had "never received a caution, warning[,] or any other notice, verbally or in writing, that he might be violating Religious Food

5

rules or regulations." (*Id.*)  Defendant Kerns informed Plaintiff that his kosher meals were being terminated for Plaintiff's alleged violations.  (ECF No. 1, PageID.10.)  Plaintiff contends that the SCJ "did not have any rules, regulations, or policies related to inmates and religious meals."[2] (*Id.*)

According to the complaint, Defendant Kerns asserted that Plaintiff had been purchasing non-kosher soups from the commissary, which Kerns stated violated the religious meals rules, but Plaintiff also alleges that at the time, "there was no indication as to which items in the commissary were non-kosher." (*Id.*)  Defendant Kerns told Plaintiff that he had been observed eating non-kosher food from another inmate and that Plaintiff had given some of his kosher food to other inmates.  (*Id.*)  Plaintiff alleges there were no rules preventing an inmate who was receiving a religious meal from giving all or part of that meal to another inmate, and that there were no rules prohibiting a person who was receiving a religious meal from receiving a food item from another inmate.  (*Id.*)[3]

---

[2] In response to the March 22, 2024 motion to dismiss, Plaintiff admitted that the Inmate Guide was available to him, but claims "that the Guide did not have any policies or procedures regarding religious meals." (ECF No. 37, PageID.405.)

[3] Defendants asserted in their January 16, 2025 motion to dismiss that "Kerns advised him that, while investigating Plaintiff's grievances, he discovered Plaintiff violated rules regarding lying to staff about his necessity for kosher meals (Inmate Guide II.A.20) and misusing jail property (Inmate Guide II.A.36) by trading away his expensive kosher meals . . . and eating non-kosher foods . . ." (ECF No. 57, PageID.615.)

Plaintiff alleges in his complaint that he filed multiple grievances to ensure that his kosher meals included proper amounts of nutrition, but that instead of correcting the alleged nutritional deficiencies, Defendant Kerns instead terminated Plaintiff's kosher meals in retaliation for the filing of his grievances. (ECF No. 1, PageID.11.)  Plaintiff further alleges that he requested reinstatement of his kosher meals, and neither Kerns nor Defendant Federspiel granted his requests for reinstatement of the kosher meals. (ECF No. 1, PageID.11-12.)  According to Plaintiff, Kerns stated that Plaintiff would never receive kosher meals again.  (ECF No. 1, PageID.12.)  Plaintiff contends that he again requested kosher meals for Passover in 2021, but that Kerns denied his request in retaliation for his grievances. (ECF No. 1, PageID.13-14.)

Plaintiff further alleges that the Sheriff's Department has no policy protecting inmates' rights to religious foods. (ECF No. 1, PageID.15.)

Plaintiff's complaint asserted five claims:  (1) Count 1, alleging his kosher meals were "wrongfully removed" from him and he was instead given non-kosher meals, in violation of the First and Fourteenth Amendments; (2) Count 2, alleging Defendants violated his First Amendment rights when they retaliated against him for filing grievances by removing his non-kosher meals; (3) Count 3, alleging that Defendants' failure to reinstate his kosher meals was another violation of his First and Fourteenth Amendment rights; (4) Count 4, alleging Defendants again violated

7

the First and Fourteenth Amendment by failing to provide Passover meals; (5) Count 5, alleging "continuing retaliation" of the First Amendment by failing to provide kosher meals for Passover; (6) Count 6, alleging a lack of policy to provide religious food at SCJ; (7) Count 7, alleging disparate treatment under the Fourteenth Amendment for an alleged failure to provide him with a copy of the Jewish Bible and permitting him to attend Jewish religious services; and, (8) Count 8, alleging interference with the courts based on Plaintiff not receiving a scheduling order in Case No. 21-11610, while he was at SCJ.

Counts 7 and 8 have since been dismissed for failure to exhaust. (ECF No. 50 & 54.) Additionally, Defendants Jackson and Doe, and any claims allegedly arising under RLUIPA, have been dismissed. (ECF Nos. 17, 22, 36, 61, 62.)

Importantly, none of Plaintiff's claims challenge the *substance* of the kosher meals he received. Although the background facts provided in the complaint detail Plaintiff's grievances regarding the nutritional value and quality of the kosher meals, his claims themselves attack only the removal of his kosher meals, the failure to reinstate them, and the lack of a policy regarding religious foods to guide Defendant Kerns in his actions.

## III. DISCUSSION

The Court set seven motions for hearing, ECF Numbers 67, 68, 69, 72, 73, 75, and 85. Having reviewed the motions, I concluded that oral argument was not

necessary with respect to three motions: ECF Numbers 67, 68, and 69. *See* E.D. Mich. LR 7.1(f)(2). I have already issued rulings on ECF Numbers 68 and 69, and I will issue a written order on ECF No. 67. As to ECF No. 68, I granted the motion to depose Plaintiff, but I did not rule on Defendants' request to extend the discovery and dispositive motion deadline.

The Court therefore heard argument on the remaining four motions at the March 20, 2026 hearing. Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, the Court orders as set forth below.

## A. Defendants' Motion to Deem Requests to Admit Admitted by William Federspiel, David Kerns (ECF No. 73)

Defendants allege that they served First Requests to Admit on Plaintiff on December 22, 2025, and they attach proof of service of same. Defendants further allege that they sent a letter to Plaintiff regarding the matter on January 26, 2026. As of the date of filing (February 4, 2026), they had not received responses. Defendants therefore ask that the requests be deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).

In response, Plaintiff states that he never received the January 26, 2026 letter, but that he "filed answers to Defendants' discovery requests on 1/26/2026." (ECF No. 79, PageID.1122.) Plaintiff attaches a proof of service which appears to

9

be the final page of Defendants' Request to Produce.  (ECF No. 79, PageID.1124.)

At the hearing, Plaintiff stated he served his responses to Defendants' Requests to

Admit at the same time he served his responses to Defendants' Requests to

Produce.

Defendants' counsel indicated he still has not received responses to the

Requests to Admit.

The Court ordered Plaintiff to serve another copy of his responses by placing

it in the mail by **Monday, March 23, 2026.**  Additionally, the Court noted that

Defendants will soon be taking Plaintiff's deposition and could additionally ask the

questions at that time.  In any event, because Plaintiff will be sending another copy

of his responses, and for the reasons explained on the record, Defendants' Motion

to Deem Requests to Admit Admitted by William Federspiel, David Kerns (ECF

No. 73) is **DENIED.**

**B.  Plaintiff's Motion to Compel Responses to Plaintiff's First Request to Produce (ECF No. 72)**

This is Plaintiff's second motion to compel related his requests to produce.[4]

The Court addressed these responses at the hearing in categories.  The motion

(ECF No. 72) is **DENIED IN PART AND GRANTED IN PART**.

---

[4] The first motion was denied as moot on March 19, 2026 because it was
supplanted by the second motion.  (ECF No. 91.)

10

**1. Documents that Defendants Assert They Fully Produced (Responsive to Requests No. 4, 5, 6, 12, 22, 23 and 26)**

First, the Court addressed a category of requests which Defendants contend they fully answered and produced all documents responsive to the requests. This category includes Requests Nos. 4, 5, 6, 12, 22, 23 and 26.

With respect to Request No. 12, Defendants' counsel attests that he sent a thumb drive with the requested audio recording, but Plaintiff indicates he did not receive it. The Court surmises that the thumb drive may have been confiscated as contraband or for other security reasons. The Court tasked Plaintiff to determine the proper format to receive the audio recording at FCI Elkton and send Defendants' counsel correspondence with directions. Within five days of receipt of the correspondence, Defendants' counsel shall follow the directions to tender the audio recording to Plaintiff.[5]

As to the remaining Requests (Nos. 4, 5, 6, 22, 23, 26), for the reasons stated on the record, the Court finds that Defendants fully complied with their discovery

---

[5] The Court expects Defendants' counsel to use all good faith efforts to facilitate Plaintiff's ability to listen to the contents of the audio recording. If such has not occurred by the date of Plaintiff's deposition, despite counsel's best efforts, then counsel shall bring the audio recording and a method for Plaintiff to hear it to Plaintiff's deposition. If the parties require the Court's assistance to facilitate review of this recording, they may reach out to the Court's case manager, or file an appropriate motion or stipulation.

obligations with respect to these requests.  Defendants have produced all responsive documents in their possession, custody, or control.

### 2. Documents that Defendants State They Do Not Have (Responsive to Requests No. 7, 10, 11, 19, 24, 25)

Next, the Court addressed a category of requests for which Defendants contend they have no documents responsive to the requests.  This category includes Requests No. 7, 10, 11, 19, 24, 25.

For the reasons stated on the record, Plaintiff has not met his burden with respect to his Request No. 7, and in any event the request is outside the scope of discovery.

Similarly, Plaintiff has not met his burden to compel any further response for Request No. 10, 11, 19, 24, or 25.  The Court cannot order production of documents of which Defendants are not in possession, custody, or control.  Further, as further detailed on the record, Plaintiff's requests are unduly broad or seek irrelevant discovery which is outside the scope of discovery.

### 3. Documents that Defendants State Seek Information and Documents Outside the Scope of Permissible Discovery (Responsive to Requests No. 1, 2, 3, 8, 13, 14, 20, and 21)

The final category of documents seek documents which Defendants contend seek information and documents outside the scope of permissible discovery.

As to Request No. 2, the Court agrees with Plaintiff and overrules Defendants objection. Defendants are **DIRECTED** to respond to the request

within 10 days of March 20, 2026 by identifying the relevant policy and providing the declaration sheet to Plaintiff.

With respect to the remaining Requests, (Nos. 1, 3, 8, 13, 14, 20, and 21) the requests are overly broad and outside the scope of permissible discovery.

**C. Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Interrogatories and For Sanctions (ECF No. 75)**

The Initial Scheduling Order in this case states "Discovery must be *completed* by the discovery cut-off date, after which, this Court will not order discovery to take place. All discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party adequate time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery." (ECF No. 18, PageID.52.) Further, the very first subsection of my Scheduling Order states: "All parties are required to adhere to Judge Patti's Practice Guidelines, which can be accessed at

https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51." (ECF No. 18, PageID.52.) My Practice Guidelines clearly articulate, "Motions related to discovery, if any, shall be filed within the discovery period unless it is impossible or impracticable to do so."[6] The discovery deadline in this case was January 26, 2026. (10/28/2025 Text-Only Order.) Plaintiff's motion was

---

[6] https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51.

13

considered filed when he signed it, on January 29, 2026.  Neither in his motion, nor at the hearing, did Plaintiff provide any justification, or even argument, for his delay.

Accordingly, Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Interrogatories and For Sanctions (ECF No. 75) is **DENIED** as untimely.

**D. Plaintiff's Motion for the Court to Order US Marshall Service to Serve Subpoena  (ECF No. 85)**

Likewise, Plaintiff's March 2, 2026 motion requesting that the Court order the U.S. Marshal Service to serve a subpoena on Tigg's Canteen Service (ECF No. 85) is also **DENIED AS UNTIMELY.**  Plaintiff's motion was signed and dated February 23, 2026, which was almost a month past the January 26, 2026 discovery deadline. "'In considering whether a Rule 45 subpoena constitutes discovery (subject to the applicable discovery deadline), the majority of courts . . . have answered yes.'" *Luppino v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 13-50212, 2013 WL 1844075, at *5-6 (E.D. Mich. Apr. 11, 2013) *report and recommendation adopted*, No. 13-50212, 2013 WL 1844073 (E.D. Mich. Apr. 30, 2013).

The Court also notes that even if the motion had been timely filed, it would have been denied.  The requests are aimed at the *quality* of the kosher meals, which is simply not an issue in this lawsuit.  As noted above, Plaintiff does not have a claim related to whether his meals were, in fact, kosher.  Instead, his claims relate

14

to the removal of his kosher meals, the failure to reinstate them, the failure to provide Passover meals, and retaliation for filing grievances related to his kosher meals.  The requests found in the subpoena are aimed at the quality of the kosher meals and as such are not "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

## IV. ORDER

For the reasons stated above, and more fully explained on the record,

Plaintiff is **DIRECTED** to serve another copy of his responses to Defendants' Requests to Admit by placing them in the mail by **Monday, March 23, 2026.**  Defendants' Motion to Deem Requests to Admit Admitted by William Federspiel, David Kerns (ECF No. 73) is **DENIED.**

Plaintiff's Motion to Compel Responses to Plaintiff's First Request to Produce (ECF No. 72) is **DENIED IN PART AND GRANTED IN PART.**  It is **GRANTED** with respect to Request No. 12, and Plaintiff shall determine the proper format to receive an audio recording at FCI Elkton and send Defendants' counsel correspondence with directions.  Within five days of receipt of the correspondence, Defendants' counsel is **DIRECTED** follow the directions to tender the contents of the audio recording to Plaintiff in the manner required by FCI Elkton to facilitate Plaintiff's listening to its contents.  It is also **GRANTED** with respect to Request No. 2, and Defendants are **DIRECTED** to respond to the

15

request within 10 days of **March 20, 2026** by identifying the relevant policy and providing the declaration sheet to Plaintiff.  The motion is **DENIED** in all other respects, including the request for a protective order.

Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Interrogatories and for Sanctions (ECF No. 75) is **DENIED** as untimely.

Plaintiff's March 2, 2026 motion requesting that the Court order the U.S. Marshal Service to serve a subpoena on Tigg's Canteen Service (ECF No. 85) is also **DENIED AS UNTIMELY.**

Finally, the request to extend the discovery deadline is **DENIED**, except as to Plaintiff's deposition (*see* ECF No. 90) and as otherwise set forth above.  The dispositive motion deadline is **HEREBY EXTENDED** until **August 28, 2026**.

**IT IS SO ORDERED.** [7]

Dated: March 23, 2026

_____
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

---

[7] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).