**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

REUBEN RANKE,

        Plaintiff,

v.

WILLIAM FEDERSPIEL, et al.,

        Defendants.

Case No. 2:23-cv-11300
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF ANSWERS AND FOR SANCTIONS IF WARRANTED (ECF NO. 67) AND DIRECTING DEFENDANT KERNS TO SUPPLEMENT HIS RESPONSE TO REQUEST TO ADMIT NO. 33

Judge Parker has referred this case to me for pretrial matters.  (ECF No. 60.)

After a slew of discovery-related motions, currently pending before the Court is

Plaintiff's "Motion to Determine Sufficiency of Answers and For Sanctions if

Warranted."  (ECF No. 67.)   Having reviewed the motion, I conclude that oral

argument is not necessary.  *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated

below, the motion (ECF No. 67) is **GRANTED IN PART AND DENIED IN**

**PART**.

## I. DISCUSSION

According to the papers before the Court, Plaintiff has served 203 Requests to Admit on Defendant David Kerns.  (ECF No. 71, PageID.892.)  Plaintiff's motion takes issue with Defendant's objections and responses to six of them.

Federal Rule of Civil Procedure 35 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  The Rule provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  As the Sixth Circuit has explained, Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy."  *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).

### A. Requests Nos. 5, 12, 16, 27, and 54

First, Plaintiff challenges Defendant's responses to Request Nos. 5, 12, 16, 27, and 54.  Defendant objected to all five of these requests, stating that the request is "vague, ambiguous, and ill-defined."  As to Request Nos. 5, 16, and 27 Defendant additionally objected that the request was based on a false premise.  As to Request Nos. 12 and 54, Defendant additionally objected that the request was provided without context.  Notwithstanding and without waiving these objections, Defendant answered each of the requests by stating that he could not "truthfully admit nor deny this request," either based on the information known and readily available or without further context for the request.

Having reviewed the requests and the challenged responses, the Court is satisfied with Defendant's responses. Plaintiff's requests are either horribly compound (e.g., Request No. 5), assert purported facts confusingly in the negative (e.g., Request No. 16, No. 27), call for legal conclusions (e.g., Request No. 54), and are uniformly vague and ambiguous in their phrasing.  The Court finds that Defendants objections and responses are proper and will not compel any further supplementation or deem them admitted.

## B.  Request No. 33

Next, with respect to Request No. 33, Plaintiff argues that Defendant's answer is "non-responsive."  (ECF No. 67, PageID.834.)  Request No. 33 asked Defendant to admit that when he made a particular remark he was referring to

Plaintiff.  Defendant objected, but subject to the objection he stated, "Defendant admits that these words (out of context) *were uttered* at the December meeting." (ECF No. 71, PageID.898 (emphasis added).)  The Court agrees with Plaintiff that Defendant's answer was not fully responsive.  The crux of Plaintiff's request is to admit that Defendant was the one who made the statement and that the statement was referring to Plaintiff.  Defendant seems to have admitted that he spoke the words, but did not specifically respond to whether the words were referring to Plaintiff.  Accordingly, the Court **ORDERS** Defendant Kerns to supplement the response by **April 8, 2026** to specifically admit or deny whether he was referring to Plaintiff when he "uttered" the words.

## II. ORDER

For the reasons state above, Plaintiff's "Motion to Determine Sufficiency of Answers and For Sanctions if Warranted" (ECF No. 67) is **GRANTED IN PART AND DENIED IN PART**. It is **DENIED** as to Requests Nos. 5, 12, 16, 27, and 54.  It is **GRANTED** as to Request No. 33 and Defendant Kerns is **DIRECTED** to supplement his response by **April 8, 2026** to specifically admit or deny whether he was referring to Plaintiff when he "uttered" the words noted in the request.

**IT IS SO ORDERED.** [1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

Dated: March 24, 2026

_____

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

---

which to file objections for consideration by the district judge under 28 U.S.C. §
636(b)(1).